**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| TRANE U.S., INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:09-CV-338 |
| | ) | |
| PAUL H. PLAZEK, JODY SELVAGE, | ) | |
| BRUCE A. MERRYMAN, | ) | |
| JOHN W. GILBERT, and BUILDING | ) | |
| TEMPERATURE SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the parties' Joint Motion for Leave to File Settlement Agreement Under Seal filed on December 7, 2011. (Docket # 119.) Stipulated settlements in claims brought under the Fair Labor Standards Act ("FLSA") must be approved by the court. *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994 (N.D. Ind. 2010). As such, "settlement agreements in FLSA cases are judicial documents to which a presumption of public access applies." *Cepeda v. 251 Realty LLC*, No. 11-CV-1531, 2011 WL 5402917, at *1 (E.D.N.Y. Nov. 8, 2011) (citations omitted); *see Baker v. Dolgencorp. Inc.*, No. 2:10-cv-199, 2011 WL 166257, at *2 (E.D.Va. Jan. 19, 2011); *Perry v. Nat'l City Bank*, No. 05-cv-891-DRH, 2008 WL 427771, at *1 (S.D. Ill. Feb. 14, 2008).

In FLSA cases, courts have generally identified two bases supporting public access to settlement agreements. *Kianpour v. Rest. Zone, Inc.*, No. DKC 11-0802, 2011 WL 3880463, at *2 (D. Md. Aug. 30, 2011). The first is "the general public interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a

1

settlement." *Hens v. Clientlogic Operating Corp.*, No. 05-CV-381S, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010) (citing *Jessup v. Luther*, 277 F.3d 926, 928-29 (7th Cir. 2002); *Boone v. City of Suffolk, Va.*, 79 F. Supp. 2d 603, 609 (E.D. Va. 1999)). The second arises from the "private-public character" of employee rights under the FLSA, which gives the public an "independent interest in assuring that employees wages are fair and thus do not endanger 'the national health and well-being.'" *Id.* (citations omitted). Accordingly, there is a strong presumption in favor of keeping settlement agreements in FLSA cases unsealed. *Id.*; *accord Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 646-47 (S.D.N.Y. 2011) (collecting cases).

When determining whether to seal a document, the Court must balance the rights of the public against the filing party's reason for sealing the documents. *Perry*, 2008 WL 427771, at *1 (citing *United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989)). To overcome the presumption in favor of public access, the party seeking the seal bears the burden of showing the specific reasons why allowing public access would be harmful, *id.* (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)), and must make a "'substantial showing of need' for their settlement agreement not to be filed on the public docket," *Cepeda*, 2011 WL 5402917, at *1 (citations omitted). The parties' mutual agreement to seal the settlement agreement is insufficient to overcome the presumption in favor of public access. *See, e.g.*, *Hens*, 2010 WL 4340919, at *3 (finding that a stipulation to seal does not outweigh the strong presumption of public access to a FLSA settlement agreement); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1246 (M.D. Fla. 2010) (stating that the parties' stipulation to seal the agreement fails to justify the seal). Furthermore, the fact that confidentiality was a material term of a settlement, the absence of which may cause the agreement to fail, is similarly insufficient to justify a seal. *West*

2

*v. First Franklin Fin. Corp.*, No. 06-2064-KHV, 2007 U.S. Dist. LEXIS 30963, at *3 (D. Kan. Apr. 25, 2007).

Here, the parties argue only that the sealing of the settlement agreement serves the privacy interest of all parties and promotes the amicable resolution of FLSA claims. They fail to state how they would be specifically harmed or injured by allowing public access to the settlement agreement, thereby failing to meet their burden of showing why confidentiality should be maintained. *Perry*, 2008 WL 427771, at *1. Moreover, their mutual agreement to seal the settlement agreement and their assertion that confidentiality would promote the amicable resolution of the FLSA claim is insufficient to overcome the strong presumption against sealing FLSA settlement agreements. *See Hens* 2010 WL 4340919, at *3; *Dees*, 706 F. Supp. 2d at 1246; *West*, 2007 U.S. Dist. LEXIS 30963, at *3.

Therefore, at the present time, the parties' Joint Motion is insufficient to justify the sealing of their settlement agreement. The Court, however, will give the parties an opportunity to supplement the motion with any circumstances that they believe justify the seal. *Tran v. Thai*, No. H-08-3650, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009). Accordingly, if the parties wish to supplement the motion or file a joint amended motion, they may do so on or before January 3, 2012.

      SO ORDERED.

      Entered this 9th day of December, 2011.

      /S/ Roger B. Cosbey
      Roger B. Cosbey,
      United States Magistrate Judge